IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **MAURICE TAYLOR,** : | |
| : | |
| **Plaintiff,** : | |
| : | Civil Action |
| v. : | No. 23-00785 |
| : | |
| **CITY OF PHILADELPHIA d/b/a** : | |
| **CURRAN-FROMHOLD** : | |
| **CORRECTIONAL FACILITY,** *et al*. : | |
| : | |
| **Defendants.** : | |

## ORDER

AND NOW, this _____ day of _____, 2023, upon consideration of Defendants', the City of Philadelphia d/b/a Curran-Fromhold Correctional Facility, Blanche Carney, and Pierre Lacombe's, Motion to Dismiss Plaintiff's First Amended Complaint, and any response thereto, it is **HEREBY ORDERED** that the Motion is **GRANTED**. The First Amended Complaint is **DISMISSED WITH PREJUDICE**.

BY THE COURT:

_____

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| MAURICE TAYLOR, | : |
| Plaintiff, | : |
| v. | : Civil Action<br>: No. 23-00785 |
| CITY OF PHILADELPHIA d/b/a<br>CURRAN-FROMHOLD<br>CORRECTIONAL FACILITY, *et al.* | : |
| Defendants. | : |

## DEFENDANTS' MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM

Defendants, the City of Philadelphia d/b/a Curran-Fromhold Correctional Facility, Blanche Carney, and Pierre Lacombe ("Moving Defendants"), by and through the undersigned counsel, hereby file this Motion to Dismiss Plaintiff's First Amended Complaint for Failure to State a Claim pursuant to Federal Rule of Civil Procedure 12(b)(6). In support of this motion, Moving Defendants incorporate the attached Memorandum of Law. Moving Defendants respectfully request that this Court dismiss the claims asserted against them, with prejudice.

Date: April 4, 2023                                                    Respectfully submitted,

*/s/ Jonah Santiago-Pagán*
Jonah Santiago-Pagán, Esq.
Assistant City Solicitor
Pa. Attorney ID No. 326442
City of Philadelphia Law Department
1515 Arch Street, 14th Floor
Philadelphia, PA 19102
215-683-5428 (phone)
jonah.santiago-pagan@phila.gov

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **MAURICE TAYLOR,** : | |
| : | |
| **Plaintiff,** : | |
| : | Civil Action |
| v. : | No. 23-00785 |
| : | |
| **CITY OF PHILADELPHIA d/b/a** : | |
| **CURRAN-FROMHOLD** : | |
| **CORRECTIONAL FACILITY,** *et al.* : | |
| : | |
| **Defendants.** : | |
| : | |

**MEMORANDUM OF LAW IN SUPPORT OF
DEFENDANTS' MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM**

The allegations in Plaintiff's First Amended Complaint arise from injuries sustained during Plaintiff's pre-trial detention at the Curran-Fromhold Correctional Center (hereinafter "CFCF"). As alleged in the First Amended Complaint, Plaintiff was detained at CFCF when, from on or about May 2020 to July 2020, he was subjected to mistreatment by unnamed correctional officers in his cell and on the intake floor, the latter resulting in injuries to his back. *See gen.* First Amended Compl. ECF 5. Plaintiff brings suit against the City of Philadelphia (the "City"), Prison Commissioner Blanche Carney, and Warden Pierre Lacombe (collectively, "Moving Defendants") for alleged violations of his constitutional rights. Defendants now move to dismiss each of the claims against them.

I. **ALLEGATIONS IN THE FIRST AMENDED COMPLAINT**

Plaintiff's First Amended Complaint arises from his arrest on or about May 2020 and his subsequent pretrial detention at CFCF from on or around May 2020 to July 2020. *See gen.* First Amended Compl. Plaintiff alleges that while incarcerated at CFCF, he was subjected to "barbaric

and inhuman treatment" by unnamed correctional officers from on around "May until June 2020." *Id* at ¶ 11. Plaintiff claims this treatment "included but was not limited to: (a) not being allowed to leave his cell; (b) not given a single shower; (c) not given a toothbrush; (d) not being allowed to change his sheets; (e) not being allowed to remove trash from his cell, and properly clean his cell, causing the cell to become insanitary; (f) not being able to exchange his jumper for a clean one; [and] (g) not being allowed to receive or make phone calls." *Id* at ¶ 11. Plaintiff alleges his numerous requests to the unnamed correctional officers for access to these items were denied. *Id* at ¶ 12. Plaintiff claims that at some point during his pretrial detention at CFCF, he was brought to the "intake floor" to be transferred to another facility. *Id* at ¶ 13. However, Plaintiff claims he was never transferred and instead remained at the intake floor for "two (2) days straight" where unnamed correctional officers forced him to sleep on the concrete floor next to "approximately nine (9) other inmates." *Id* at ¶¶ 13 – 14.  Plaintiff claims that as a result of sleeping on a concrete floor for 2 days, he sustained serious personal injuries to his back. *Id* at ¶ 15.

Plaintiff's First Amended Complaint alleges that "upon information and belief, all Defendants knew or should have known about the deplorable treatment of Plaintiff and should have done something about it." *Id* at ¶ 16. Specifically, Plaintiff (1) claims Moving Defendants "did not take the proper precautions to make sure that inmates were being treated properly," (2) believes it was "common for inmates to not be provided necessities," and (3) concludes that individual Moving Defendants are the "decision makers regarding the aforesaid custom, policy, and/or practice." *Id* at ¶ 17. Plaintiff alleges that because the individual Moving Defendants "are the decisionmakers" they "controlled the aforesaid inhuman conditions that Plaintiff was exposed to." *Id* at ¶ 18. In his complaint, Plaintiff alleges that as a result of the Moving Defendants' conduct, he has suffered and continues to suffer "severe physical and emotional distress." *Id* at ¶ 19. Plaintiff

claims that Moving Defendants either "knew or should have known about the condition of his holding cell and should have provided a proper cell to Plaintiff." *Id* at ¶ 20.

Plaintiff's First Amended Complaint alleges that through the actions of unnamed correctional officers, Moving Defendants failed to protect Plaintiff, to provide the appropriate living conditions to Plaintiff, to provide appropriate necessities to Plaintiff, and "showed a deliberate indifference to Plaintiff's living condition." *Id* at ¶ 23 – 25. Plaintiff's First Amended Complaint alleges that Moving Defendants, "had a policy of not taking the proper precautions to keep inmates safe from corrections officers." *Id* at ¶ 30. Finally, the First Amended Complaint contains allegations that "prior to the events described herein, Defendants developed and maintained policies, practices, procedures and customs exhibiting deliberate indifference to the Constitutional rights of Plaintiff[] [*sic*], which caused violation of Plaintiffs constitutional and other rights." *Id* at ¶ 29. Yet as explained further below, the First Amended Complaint does not allege a deliberate course of conduct on the part of the Moving Defendants that resulted in the condition of his holding cell or mistreatment by the unnamed correctional officer, or that they took any actions that would inevitably result in the alleged condition of his holding cell and mistreatment, such that there is a plausible claim that the Moving Defendants were deliberately indifferent.

Plaintiff brings the following claims under 42 U.S.C. § 1983 against Moving Defendants: a failure to protect, failure to keep safe, cruel and unusual punishment, and inhumane conditions of confinement claim in violation of the Fourth, Eighth, and Fourteenth Amendments under 42 U.S.C. § 1983 against the individual Moving Defendants in their individual capacity and, what can only be construed as, a municipal liability claim under 42 U.S.C. § 1983 against the City for the same (Count I); and a municipal liability claim under 42 U.S.C. § 1983 against, what again can

only be construed as, the City and individual Moving Defendants in their individual capacity (Count II). Moving Defendants now move to dismiss Plaintiff's claims against them in their entirety.

## II. LEGAL STANDARD

To survive a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), a plaintiff must plead "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *See Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009). The plaintiff must plead "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *See id.* Under this standard, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *See id.* Put differently, while a court should accept the truth of a complaint's factual allegations, it should not credit a plaintiff's "bald assertions" or "legal conclusions." *Morse v. Lower Merion Sch. Dist.,* 132 F.3d 902, 906 (3d Cir. 1997) (citations and quotations omitted). "Legal conclusions masquerading as factual conclusions will not suffice to prevent a motion to dismiss." *See id*. (quotation marks omitted).

## III. ARGUMENT

Plaintiff brings two claims in his First Amended Complaint against Moving Defendants under 42 U.S.C. § 1983: a failure to protect, failure to keep safe, cruel and unusual punishment, and inhumane conditions of confinement claim in violation of the Fourth, Eighth, and Fourteenth Amendments under 42 U.S.C. § 1983 against the individual Moving Defendants in their individual capacity and a municipal liability claim under 42 U.S.C. § 1983 against the City (Count I); and a municipal liability claim under 42 U.S.C. § 1983 against the City and individual Moving Defendants in their individual capacity (Count II). Moving Defendants now move to

dismiss Plaintiff's claims against them in their entirety for failure to state a claim. Defendants address each claim as follows.

>   **A.  Count I Should be Dismissed Against Individual Moving Defendants Carney and Lacombe Because There are No Allegations of Personal Involvement by Carney or Lacombe as Required to State a Claim Against Them.**

Plaintiff's First Amended Complaint does not allege that individual Moving Defendants, Prison Commissioner Blanche Carney and Warden Pierre Lacombe, were personally involved in, or aware of, the specific treatment that Plaintiff alleges he was being subjected to by unnamed correctional officers while in his holding cell between May and June 2020 and on the intake floor sometime thereafter. A municipal official sued in his or her individual capacity, such as Commissioner Carney and Warden Lacombe, cannot be held vicariously liable for the constitutional violations of the employees that the official supervises. *See Rode v. Dellarciprete*, 845 F.2d 1195, 1207 (3d Cir. 1988); *see also Iqbal*, 556 U.S. at 676 (2009) (explaining that "[b]ecause vicarious liability is inapplicable to . . . § 1983 suits, a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution.").

Accordingly, to the extent that Count I of Plaintiff's Complaint seeks to hold individual Moving Defendants Carney and Lacombe vicariously liable for the constitutional violations of other officials—none of whom were named or alluded to with sufficient specificity by the Plaintiff in his complaint—the claim fails on its face. To the extent that Plaintiff seeks to hold Carney and Lacombe liable as policymakers for the City, the claim fails for the same reason as the municipal liability claims (Counts I and II) against the City under *Monell*, which reason is discussed below.

Count I should be dismissed against individual Moving Defendants Prison Commissioner Blanche Carney and Warden Pierre Lacombe in their individual capacity because of the pleading deficiencies in Plaintiff's First Amended Complaint.

> **B.     Counts I and II Should be Dismissed Because Plaintiff's First Amended Complaint Fails to Allege a Cognizable Claim of Municipal Liability Against the Moving Defendants Under 42 U.S.C. § 1983.**

Plaintiff's First Amended Complaint lacks nonconclusory allegations plausibly supporting the conclusion that, from May 2020 to July 2020, the City had any of 1) a custom of *deliberately* failing to protect and provide the appropriate living conditions or necessities to Plaintiff or had a policy or custom of or otherwise were *deliberately indifferent* to the living conditions of Plaintiff such as to support a plausible municipal liability or supervisory liability claim under § 1983; 2) a custom of *deliberately* being indifferent to the Constitutional rights of Plaintiff or "developed and maintained policies, practices, procedures and customs" or otherwise were *deliberately indifferent* to the Constitutional rights of Plaintiff such as to support a plausible municipal liability or supervisory liability claim under § 1983; or 3) a policy or custom of not taking proper precautions to keep inmates safe from corrections officers. First Am. Compl. at ¶¶ 23 – 25, 29 – 30.

A municipality, such as the City, "may not be sued under § 1983 for an injury inflicted solely by its employees or agents." *Monell v. Dep't of Soc. Servs. of City of New York*, 436 U.S. 658, 694 (1978) ("*Monell*"). Rather, "it is when execution of a government's policy . . . inflicts the injury that the government as an entity is responsible under § 1983." *Id.*; *see also Mulholland v. County of Berks*, 706 F.3d 227, 237 (3d Cir. 2013) ("Section 1983 does not permit a municipality to be held vicariously liable for the acts of its employees"). To survive the pleading stage in a § 1983 claim against the City, a plaintiff must allege sufficient facts to establish that (1) a constitutionally-protected right has been violated and (2) the alleged violation resulted from a

municipal policy, custom or practice of deliberate indifference to rights of citizens. *Monell v. New York City Dept. of Soc. Servs.*, 436 U.S. 658, 694-95 (1978); *Andrews v. City of Philadelphia*, 895 F.2d 1469, 1480 (3d Cir. 1990).

In adjudicating *Monell* claims, "courts have recognized a two-path track to municipal liability under § 1983, depending on whether the allegation is based on municipal policy or custom." *Mulholland*, 706 F.3d at 237 (citations and quotations omitted). A policy occurs when a decisionmaker with final authority "issues an official proclamation, policy, or edict," while a custom occurs when practices are "so permanent and well-settled as to virtually constitute law." *See id.* (citations and quotations omitted). A complaint must include "specific factual allegations referencing the conduct, time, place, and persons responsible for any official municipal policy or custom." *See Torres v. City of Allentown*, No. 07-1934, 2008 WL 2600314, at *5 (E.D. Pa. June 30, 2008) (citing *Evancho v. Fisher*, 423 F.3d 347, 353 (3d Cir. 2005)). And to bring a § 1983 municipal liability claim under *Monell*, Plaintiff must present evidence that a "policy or custom of [the City of Philadelphia] was the 'moving force' behind a violation of his [constitutional] rights." *Clark v. Regional Medical First Correctional*, 360 F. App'x 268, 269 (3d Cir. 2010). *Monell* liability must be founded upon evidence that the government unit itself supported a violation of constitutional rights, while identifying the policymaker and establishing his/her deliberate indifference. *Bielevicz v. Dubinon*, 915 F.2d 845, 849-50 (3d Cir. 1990).

Here, the First Amended Complaint fails to allege facts to support a plausible inference that Plaintiff's injury was the result of a specific policy or custom on the part of Commissioner Carney, Warden Lacombe or the City to *deliberately* fail to protect and provide the appropriate living conditions or necessities to Plaintiff, to *deliberately* be indifferent to the Constitutional

rights of Plaintiff, or to not take proper precautions to keep inmates safe from correctional officers.

### 1. Count II Should be Dismissed Against Individual Moving Defendants Carney and Lacombe Because Plaintiff Failed to Plead Any Facts Establishing What Municipal Policy or Custom the Individual Moving Defendants Acted Pursuant to

In *Wood v. Williams*, the Third Circuit affirmed the dismissal of a *Monell* claim. 568 F. App'x 100, 102 (3d Cir. 2014). The plaintiff in *Wood* set forth a series of conclusory allegations that "simply paraphrase[d]" the elements of *Monell* liability. *Id.* at 103–04. The Court held that such "conclusory and general" averments were "insufficient" and "fail[ed]" to satisfy the rigorous standards of culpability and causation required to state a claim for municipal liability." *Id.* at 104 (citations and quotation marks omitted).

Averments that "amount to a mere recitation of the . . . elements required to bring forth a *Monell* claim . . . are insufficient to survive a motion to dismiss*.*" *Butler v. City of Philadelphia*, No. 11-7891, 2013 WL 5842709, at *2 (E.D. Pa. Oct. 31, 2013). In *Torres v. City of Allentown*, the court found dismissal appropriate where the plaintiff's complaint alleged that Allentown "did not require appropriate in-service training or re-training of officers who were known to have engaged in police misconduct, and that this policy/custom exhibited deliberate indifference to her constitutional rights." No. 07-1934, 2008 WL 2600314, at *5 (E.D. Pa. June 30, 2008). The court viewed the complaint as insufficient, in that it "lack[ed] any specific factual allegations referencing the conduct, time, place, and persons responsible for any official municipal policy or custom" and that it "fail[ed] to specifically demonstrate how the training programs for the police officers [were] inadequate." *Id.*

Plaintiff's allegations here were no better than the conclusory and general averments referred to in *Wood, Butler,* and *Torres*. In fact, Plaintiff's *Monell* allegation boils down to, effectively, that the City as a matter of policy did not take "the proper precautions to keep inmates safe, from corrections officers."

This is the same conclusory policy or practice that was insufficiently alleged in Torres. Here, as in *Torres*, Plaintiff failed to demonstrate in what way the City's policy was insufficient to keep inmates safe from corrections officers. Plaintiff can list the alleged "barbaric and inhumane treatment" he was subjected to while he was held at CFCF. He cannot identify in what manner the City's existing policies were insufficient to address these risks. Similarly, Plaintiff cannot possibly, and does not, plead any plausible way in which the barbaric and inhumane treatment he alleges was *actually* committed by corrections officers at CFCF or can possibly evidence a "policy or procedure" that caused the alleged constitutional violation.

Plaintiff's First Amended Complaint does not establish a policy or custom of the individual Moving Defendants acted pursuant to or upon which to state a claim against them, or the City. As a result, the municipal liability claim premised upon a policy or custom against the individual Moving Defendants should be dismissed.

> **2. Count I of Plaintiff's First Amended Complaint Fails to Plead Sufficient Facts to Substantiate His Theory that Failing to Protect and Provide the Appropriate Living Conditions and Necessities to Plaintiff Was the Result of a Municipal Policy or Custom.**

Plaintiff alleges that the City failed to protect Plaintiff, to provide the appropriate living conditions to Plaintiff, to provide appropriate necessities to Plaintiff, and "showed a deliberate

indifference to Plaintiff's living condition,[1]" in violation of his "clearly establish[ed] [*sic*] and well settled Constitutional and other legal rights" causing Plaintiff "to suffer cruel and unusual punishment in violation of the Fourth, Eight, and Fourteenth Amendments." *Id* at ¶ 23 – 27. But in support of this bald conclusion, Plaintiff alleges no specific statements or other actions on the part of City policymakers that would even plausibly suggest that a decision was made to fail to protect and provide the appropriate living conditions and/or necessities to Plaintiff or that decisionmakers were deliberately indifferent.

Plaintiff makes conclusory statements and blanket allegations that individual Moving Defendants were decisionmakers and were deliberately indifferent to the failure to protect and provide *him* with appropriate living conditions and necessities, but ultimately Plaintiff fails to show how the named decisionmakers made decisions to cause or even perpetuate his alleged living conditions or were deliberately indifferent to his living conditions, his alleged lack of necessities, or even those of detainees as a group.

Count I of Plaintiff's First Amended Complaint does not establish a policy or custom of failing to protect or provide appropriate living conditions and necessities upon which to state a claim against the City.  As a result, the municipal liability claim premised upon a policy or custom of failing to protect or provide appropriate living conditions and necessities to Plaintiff should be dismissed. against the individual Moving Defendants should be dismissed.

---

[1] Deliberate indifference on its own does not constitute a cognizable claim of municipal liability under *Monell*.

3. **Count II of Plaintiff's First Amended Complaint Fails to Plead Sufficient Facts to Substantiate His Theory that Deliberate Indifference to Plaintiff's Constitutional Rights and/or Not Taking Proper Precautions to Keep Inmates Safe from Correctional Officers Was the Result of a Municipal Policy or Custom.**

"A municipality is not liable under § 1983 unless the policy or custom is the moving force behind the constitutional violation." *Roberts v. Mentzer*, 382 F. App'x 158, 167 (3d Cir. 2010) (affirming dismissal of an amended complaint "bereft" of a "policy or custom that directly resulted in the alleged deprivation" of plaintiff's rights.") (citing *City of Canton v. Harris*, 489 U.S. 378, 388 (1989)). Where there is no underlying constitutional tort by individuals, there can be no municipal liability leveled against the City. *See City of Los Angeles v. Heller*, 475 U.S. 796, 798–99 (3d Cir. 1995).

To the extent the Court divines any policy or custom having been pled by Plaintiff in more than a conclusory fashion, Plaintiff has not pled anything that could constitute the moving force behind the alleged constitutional violation. Plaintiff describes, instead, a conclusory policy of not taking the proper precautions to keep inmates safe, from corrections officers and fails to identify any underlying violation of his constitutional rights by a corrections officer.

Count II of Plaintiff's First Amended Complaint does not establish a policy or custom of deliberate indifference to Plaintiff's Constitutional rights or failing to protect inmates from correctional officers upon which to state a claim against the City.  As a result, the municipal liability claim premised upon a policy or custom of being deliberately indifferent to Plaintiff's Constitutional rights or failing to protect inmates from correctional officers should be dismissed.

IV.     **CONCLUSION**

Plaintiff has failed to set forth sufficient factual allegations to support his § 1983 claims against all Moving Defendants. For the reasons set forth above, the Moving Defendants respectfully request that this Court grant the instant motion and dismiss Plaintiff's Complaint against Defendants City of Philadelphia, Commissioner Carney, and Warden Lacombe for failure to state a claim – in its entirety and with prejudice.

Respectfully submitted,

Date: April 4, 2023

*/s/ Jonah Santiago-Pagán*
Jonah Santiago-Pagán
Assistant City Solicitor
Pa. Attorney ID No. 326442
City of Philadelphia Law Department
1515 Arch Street, 14th Floor
Philadelphia, PA 19102
215-683-5428 (phone)
215-683-5397 (fax)
jonah.santiago-pagan@phila.gov

# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| MAURICE TAYLOR,<br><br>　　　　　Plaintiff,<br><br>　　　v.<br><br>CITY OF PHILADELPHIA d/b/a<br>CURRAN-FROMHOLD<br>CORRECTIONAL FACILITY, *et al.*<br><br>　　　　　Defendants. | Civil Action<br>No. 23-00785 |

## CERTIFICATE OF SERVICE

I hereby certify that on the date below, Defendants' Motion to Dismiss Plaintiff's Complaint, was filed via the Court's electronic filing system and is available for viewing and downloading by all parties of record.

Date: April 4, 2023

*/s/ Jonah Santiago-Pagán*
Jonah Santiago-Pagán
Assistant City Solicitor
Pa. Attorney ID No. 326442
City of Philadelphia Law Department
1515 Arch Street, 14th Floor
Philadelphia, PA 19102
215-683-5428 (phone)
215-683-5397 (fax)
jonah.santiago-pagan@phila.gov