# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **MAURICE TAYLOR** | : | **CIVIL ACTION** |
| *Plaintiff* | : | |
| | : | **NO. 23-0785** |
| **v.** | : | |
| | : | |
| **CITY OF PHILADELPHIA,** *et al.* | : | |
| *Defendants* | : | |

# ORDER

**AND NOW**, this 30th day of June 2023, upon consideration of Defendants' *motion to dismiss*, [ECF 7], Plaintiff's response in opposition, [ECF 10], and the allegations in the amended complaint, [ECF 5], it is hereby **ORDERED** that the motion is **DENIED**.[1]

---

[1] In the amended complaint, Plaintiff Maurice Taylor ("Plaintiff") asserts civil rights claims against Defendants City of Philadelphia (the "City"), Blanche Carney ("Defendant Carney"), and Pierre LaCombe ("Defendant LaCombe") (together with Defendant Carney, the "Individual Defendants"), pursuant to 42 U.S.C. § 1983 and *Monell v. Department of Social Services of New York*, 436 U.S. 658 (1978). These claims are premised on alleged violations of Plaintiff's rights under the Fourth, Eighth, and Fourteenth Amendments to the United States Constitution as a result of each Defendant's participation in the alleged failure to provide Plaintiff appropriate and safe living conditions while he was detained at the Curran-Fromhold Correctional Facility in Philadelphia.

In the underlying motion to dismiss, Defendants argue that Plaintiff has failed to allege facts sufficient to meet his pleading burden with respect to each claim. When considering a motion to dismiss for failure to state a claim under Rule 12(b)(6), the court "must accept all of the complaint's well-pleaded facts as true, but may disregard any legal conclusions." *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210–11 (3d Cir. 2009). The court must determine "whether the facts alleged in the complaint are sufficient to show that the plaintiff has a 'plausible claim for relief.'" *Id.* at 211 (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009)). The complaint must do more than merely allege the plaintiff's entitlement to relief; it must "show such an entitlement with its facts." *Id.* (internal quotation and citations omitted). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct the complaint has alleged—but it has not 'show[n]'—'that the pleader is entitled to relief.'" *Iqbal*, 556 U.S. at 679 (quoting Fed. R. Civ. P. 8(a)) (alterations in original). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678 (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (2007)). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements do not suffice." *Id.* To survive a motion to dismiss under Rule 12(b)(6), a plaintiff must allege facts sufficient to nudge their claims across the line from conceivable to plausible. *Twombly*, 550 U.S. at 570; *Phillips v. Cnty. of Allegheny*, 515 F.3d 224, 234 (3d Cir. 2008).

**BY THE COURT:**

/s/ *Nitza I. Quiñones Alejandro*
**NITZA I. QUIÑONES ALEJANDRO**
*Judge, United States District Court*

---

Defendants move to dismiss all of the claims asserted against the Individual Defendants on the basis that Plaintiff has failed to allege facts sufficient to plausibly show each of the Individual Defendants' personal involvement in the alleged wrongful conduct. Defendants are mistaken. In the amended complaint, Plaintiff has alleged that the Individual Defendants were aware of the deplorable detention conditions underlying his claims, that they were the decisionmakers with respect to the customs, policies, and/or practices underlying the deplorable conditions, and that they did not take necessary actions to remedy the deplorable conditions. (*See* Am. Compl., ECF 5, at ¶¶ 16–18.) As such, at this stage, Plaintiff has alleged sufficient facts as to the personal involvement of each of the Individual Defendants to assert plausible § 1983 claims against the Individual Defendants.

Defendants also move to dismiss all of Plaintiff's *Monell* claims on the basis that Plaintiff has failed to allege facts sufficient to plausibly show the existence of a particular unlawful policy or custom or that Plaintiff's injuries were the result of the requisite policy or custom. To state a viable claim for municipal liability under § 1983, a plaintiff must plead facts sufficient to plausibly show (1) a constitutional violation by a municipal actor (2) that was caused by a municipal policy or custom. *Monell*, 436 U.S. at 694. The policy or custom must be the "moving force" behind the constitutional tort. *Id.* Thus, the plaintiff must allege facts showing an "affirmative link" or "plausible nexus" between the policy or custom and the alleged constitutional violation. *Bielevicz v. Dubinon*, 915 F.2d 845, 850–51 (3d Cir. 1990). The policy or custom must also exhibit deliberate indifference to the constitutional rights of those it affects. *Beck v. City of Pittsburgh*, 89 F.3d 966, 972 (3d Cir. 1996).

As set forth by the United States Court of Appeals for the Third Circuit, "[p]olicy is made when a decisionmaker possess[ing] final authority to establish municipal policy with respect to the action issues an official proclamation, policy, or edict." *Berg v. Cnty. of Allegheny*, 219 F.3d 261, 275 (3d Cir. 2000) (internal citations and quotations omitted). "Customs are 'practices of state officials . . . so permanent and well settled as to virtually constitute law.'" *Id.* (quoting *Monell*, 436 U.S. at 691). A custom is an act "that has not been formally approved by an appropriate decisionmaker" but is "so widespread as to have the force of law." *Bryan Cnty. v. Brown*, 520 U.S. 397, 404 (1997). A policy or custom may exist where "the policymaker has failed to act affirmatively at all, [though] the need to take some action to control the agents of the government 'is so obvious, and the inadequacy of existing practice so likely to result in the violation of constitutional rights, that the policymaker can reasonably be said to have been deliberately indifferent to the need.'" *Id.* at 417–18 (quoting *City of Canton v. Harris*, 489 U.S. 378, 390 (1989)).

Here, Plaintiff has alleged that for the duration of his near one-month confinement, he was deprived of various basic necessities, such as a shower, toothbrush, clean sheets, clean prison jumper, and clean cell. He was also prevented from receiving or making any phone calls and was forced to sleep on a concrete floor for two days. Plaintiff also alleges that Defendants Carney and LaCombe, as decisionmakers, were aware and in control of these inhumane conditions, yet did nothing to remedy them. At this stage of the proceedings, these allegations are sufficient to assert plausible *Monell* claims against all Defendants. As such, Defendants' motion to dismiss is denied.